CLD-146                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2020
_____

CHRISTOPHER NGUYEN,
                                    Appellant

v.

MARY T. JOHNSON, ASSISTANT DISTRICT ATTORNEY BERKS COUNTY, PA;
BRIAN MCDONALD, ASSISTANT DISTRICT ATTORNEY BERKS COUNTY, PA;
JEFFREY M. REICHART, DETECTIVE, READING, PA, POLICE DEPARTMENT;
HAROLD T. SHENK, DETECTIVE, READING, PA, POLICE DEPARTMENT;
SCOTT E. SHULTZ, DETECTIVE, READING, PA, POLICE DEPARTMENT;
ANGEL CABRERRA, DETECTIVE, READING, PA, POLICE DEPARTMENT;
DOE RODRIGUZ, DETECTIVE, READING, PA, POLICE DEPARTMENT;
JUDY WISE, DETECTIVE, READING, PA, POLICE DEPARTMENT;
CHRISTOPHER CORTAZZO, POLICE OFFICER, READING, PA, POLICE
DEPARTMENT; D. VARNER, CHIEF GRIEVANCE OFFICER, PENNSYLVANIA
D.O.C.S.; MARK WAHL, SUPERINTENDENT, SCI-WAYMART, PA/D.O.C.S.;
ERIC KOSAKOWSKI, SEC. CAPTAIN, SCI-WAYMART, PA/D.O.C.S.; KERRY
MOORE, ASSISTANT CHIEF GRIEVANCE OFFICER, PENNSYLVANIA D.O.C.S
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:25-cv-00242)
District Judge:  Honorable John R. Padova
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2026
Before: BIBAS, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed June 22, 2026)
_____

OPINION[*]

_____

PER CURIAM

Christopher Nguyen appeals *pro se* and *in forma pauperis* from the District Court's order dismissing his complaint. We will affirm.

Nguyen began serving a 20-40-year prison sentence in 2006, after a Bucks County jury found him guilty of third-degree murder and related crimes. One of the witnesses against him was his cousin, Matthew Branford. The two men spoke by prison telephone on a few occasions more than a decade later, during which Branford allegedly confessed that he had agreed to testify falsely at Nguyen's trial in exchange for leniency in his own unrelated criminal case. Nguyen says he asked prison officials for transcripts of the recorded calls several times over the next few years to no avail. He submitted another request after being transferred to a different prison in 2023, but prison administrators affirmed its denial on appeal.

In January 2025, Nguyen filed a complaint in the United States District Court for the Eastern District of Pennsylvania under 42 U.S.C. § 1983 against the assistant district attorneys and detectives who handled his prosecution and the officials who processed (or failed to process) his grievances at both prisons. He alleged violations of his due process rights under the Fourteenth Amendment to the United States Constitution and its Pennsylvania analogue. As relief, he sought an injunction requiring the release of

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

information pertaining to Branford and others, a new trial, and more than $1 million in damages.

The District Court screened Nguyen's complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it for failure to state a claim. The court began by noting that Pennsylvania does not recognize a private right of action for damages for alleged violations of the state constitution and that Nguyen's request for a new trial would have to be pursued via a petition for a writ of habeas corpus.[1] To the extent Nguyen sought relief from his conviction or alleged that withholding the transcripts deprived him of exculpatory evidence in his criminal case, the court explained that his claims were barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Nguyen's prosecutors are immune from suit with respect to actions taken in their prosecutorial functions. Insofar as the claims implicated their role in the investigation, however, the court dismissed them as conclusory but without prejudice to Nguyen's ability to raise them in the event his conviction was overturned. Any claims against the prison officials in their individual capacities predicated upon the prison grievance process were unavailing because prisoners generally lack a constitutional right to such procedures, while the Eleventh Amendment barred official-capacity claims for money damages. Lastly, Nguyen's municipal-liability claims failed because he did not plausibly

---

[1] Nguyen previously filed a habeas petition raising Branford's purported admission and charging the Commonwealth with withholding potentially exculpatory evidence. The District Court dismissed the petition on timeliness grounds and noted that the underlying claim was fully adjudicated in Nguyen's state post-conviction proceedings.

allege that his injuries resulted from a custom or policy. Although the court dismissed that and other portions of the complaint without prejudice, it declined to grant Nguyen leave to amend on grounds of futility given his extant conviction. Nguyen appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal order under Section 1915(e). *See Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Nguyen's appeal does not present a substantial question. The District Court adequately explained why it denied him leave to amend the claims that it dismissed without prejudice. Although Nguyen theoretically could file an amended complaint to cure the deficiencies the court identified, he currently is serving a prison sentence for the murder conviction he hopes to undermine via this Section 1983 lawsuit. As long as his conviction stands, *Heck* precludes relief on his claims concerning the use of fabricated evidence and would render futile any attempt to amend at this time. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration") (emphasis removed). The District Court did not abuse its discretion in saying as much.

Nor did it err in any other respect. Nguyen contends on appeal that his prison conversations with Branford "are subject to disclosure under *Brady v. Maryland*[, 373 U.S. 83 (1963)]." *See* C.A. Doc. 12 at pdf 9. While *Brady* recognized "certain familiar *preconviction* trial rights," the Supreme Court has clarified that it "is the wrong

4

framework" for the post-conviction context. *See Dist. Att'y's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68, 69 (2009) (emphasis added). Rather, such a claim can be asserted as a violation of due process, which requires a plaintiff to show that the state's procedures for obtaining evidence post-conviction are "fundamentally inadequate to vindicate the substantive rights provided" under state law. *See id.* at 69. Nguyen has not made this showing. Branford's purported prison-call confession formed the crux of Nguyen's third petition for post-conviction relief in state court, and the Superior Court of Pennsylvania thoroughly addressed why it did not entitle him to relief. *See Commonwealth v. Nguyen*, No. 1203 MDA 2021, 2022 WL 2952342, at *3-6 (Pa. Super. Ct. July 26, 2022), *allocatur denied*, No. 388 MAL 2022, 290 A.3d 1270 (Pa. Jan. 10, 2023) (per curiam). Nguyen has not shown that that process is inadequate.

Accordingly, we will affirm the District Court's judgment.